IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER JAMES CASTILLO,

    Plaintiff,

v.        No. CV 15-60 WJ/LAM

ANNETTE MARIE FIERROS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR LEAVE TO APPEAL IFP

**THIS MATTER** comes before the Court on Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24, Doc. 12, filed April 24, 2015. The Court concludes that Plaintiff's appeal is not taken in good faith and **DENIES** the motion.

"In order to succeed on [a motion for leave to proceed on appeal without prepayment of costs or fees], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" *Spearman v. Collins*, 500 Fed.Appx. 742, 743 (10th Cir. 2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.; see also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("an appeal is frivolous if it lacks an arguable basis in either law or fact").

Plaintiff filed a Complaint, Doc. 1, and an Application to Proceed in District Court without Prepaying Fees or Costs, Doc. 2.  Plaintiff, a prisoner, did not include a certified copy of his inmate account statement for the 6-month period immediately preceding the filing of his Complaint, as required by 28 U.S.C. § 1915(a)(2).  The Court notified Plaintiff of this deficiency, ordered him to cure the deficiency within thirty (30) days (by February 27, 2015), and warned Plaintiff that failure to timely cure the deficiency may result in dismissal of this action without prejudice and without further notice.  Plaintiff did not timely cure the deficiency and did not request an extension of time to do so.  On March 5, 2015, the Court dismissed this case without prejudice.  *See* Doc. 6.

On March 16, 2015, Plaintiff filed a Notice of Appeal which states that Plaintiff is appealing "the dismissal ordered on March 5, 2015 because I didn't send a copy of my inmate statement of account balance as part of the in forma pauperis [application]" and that he is "sending the statements that I have [and] if it's no[t] enough let me know and I will ask the accounts office for another statement of my account balance."  Doc. 8, filed March 16, 2015.  Attached to his Notice of Appeal are account statements for the three months preceding the filing of his Complaint.

On April 24, 2015, Plaintiff filed the motion for leave to proceed on appeal IFP, Doc. 12, which is now before the Court.   Plaintiff states the issue he desires to raise on appeal is:

> I submitted the statements of my inmate acct. balance late.  It was dismissed.  I want the complaint heard and decided on its merits.  I feel I have a good case and sufficient ground for the granting of the appeal.  I am now sending current copies again of my financial status acct. balance!

Doc. 12.  Attached to Plaintiff's motion for leave to proceed on appeal IFP are account statements for two of the three months immediately preceding the filing of his Complaint and statements for the two and a half months immediately following the filing of his Complaint.

Plaintiff filed his account statements, which do not cover the full 6-month period immediately preceding the filing of his Complaint, after the deadline set in the Order to Cure Deficiency, Doc. 4, and after the Court had dismissed the case and entered its Final Judgment, Doc. 7, filed March 5, 2015.  Plaintiff offers no explanation of why he did not timely comply with the Order to Cure Deficiency, Doc. 4, which clearly indicates that an account statement for the 6-month period immediately preceding the filing of his Complaint is required by the statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915(a)(2).

The Court concludes that Plaintiff's appeal is not taken in good faith and that his motion for leave to proceed *in forma pauperis* must be denied because he has not identified "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben*, 937 F.2d at 505.

**IT IS ORDERED** that Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24, Doc. 12, filed April 24, 2015, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**